{¶ 31} Although I concur in the judgment, I do not agree that evidence of the crimes alleged involving the victim S.P. would have been admissible, under Evid. R. 404(B), in a trial involving only the crimes alleged with respect to the victim C.P. Evidence that a defendant committed another crime in a manner very similar to the charged crime is admissible to establish an unusual modus operandus that will support the permissible inference that the same person committed both crimes. The unusual modus operandus serves as an analogy to a fingerprint left at the scene of the crime to identify the individual as the perpetrator of the charged crime, and is therefore admissible, under Evid. R. 404(B), to prove the identity of the perpetrator. See State v. McAdory,2004-Ohio-1234.
 {¶ 32} Here, the victim S.P. was quite familiar with Ramsey, being the half-sister of his daughters, and a frequent visitor to his household. There was, therefore, no issue in this case concerning the identity of the alleged perpetrator. Consequently, the exceptions to Evid. R. 404(B) had no application in this case.
 {¶ 33} Nevertheless, in my view, the trial court would have had discretion to decline to sever these counts, had a motion to sever been made. Under Crim. R. 8, two or more alleged *Page 11 
offenses may be joined for trial if they are of the same or similar character, and joinder would not unduly prejudice the defendant (Crim. R. 14). Here, the alleged offenses involving S.P. were of a similar character to the offenses involving C.P., and the proof of each of the two sets of offenses was simple and straightforward. I find little likelihood that the jury lost its way or became confused as a result of the joinder.
 {¶ 34} I conclude that the trial court would likely have denied a motion to sever the two sets of alleged offenses for trial, had a motion to sever been made. Therefore, I conclude that Ramsey's trial counsel was not ineffective for having failed to make a motion to sever.
 {¶ 35} In all other respects, I concur in Judge Donovan's opinion for the court. Therefore, I concur in the judgment affirming the judgment of the trial court.
WALTERS, J., concurs.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1